**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4726**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAY MAURICE THARPS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:14-cr-00161-PWG-1)

Submitted: July 30, 2018                          Decided: August 3, 2018

Before GREGORY, Chief Judge, and AGEE and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jenifer Wicks, THE LAW OFFICES OF JENIFER WICKS, Takoma Park, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Jennifer R. Sykes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged Jay Maurice Tharps with possession of firearms and ammunition by a convicted felon, possession with intent to distribute cocaine and marijuana, and possession of firearms in furtherance of a drug trafficking crime. He moved to suppress evidence seized from his residence on Doppler Street in Capitol Heights, Maryland, pursuant to a search warrant, claiming that the affidavit offered in support of the warrant was insufficient to establish probable cause and that the good faith exception to the exclusionary rule did not apply. The district court denied the motion, concluding that the affidavit established probable cause, and, even if it did not, the evidence was admissible under the good faith exception. Tharps subsequently entered a conditional guilty plea to all charges, reserving the right to challenge on appeal the denial of a motion to suppress evidence seized pursuant to the search warrant.[*] He appeals, arguing that the district court erred when it denied the motion to suppress. We affirm.

The Fourth Amendment, which protects individuals from "unreasonable searches," provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To deter police misconduct, evidence seized in violation of the Fourth Amendment generally is inadmissible at trial. *United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009). This is the exclusionary rule.

---

[*] Tharps filed in the district court several unsuccessful motions to suppress, but only preserved for appeal the denial of his Motion to Suppress Search.

2

However, in *United States v. Leon*, 468 U.S. 897 (1984), "the Supreme Court modified the exclusionary rule to allow the use of evidence 'obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral [judicial officer] but ultimately found to be unsupported by probable cause.'" *Andrews*, 577 F.3d at 235-36 (quoting *Leon*, 468 U.S. at 900).

We review factual findings concerning a motion to suppress for clear error and legal conclusions de novo. *United States v. Kehoe*, 893 F.3d 232, 237 (4th Cir. 2018). When a district court denies the motion, we view the evidence in the light most favorable to the Government. *United States v. Shrader*, 675 F.3d 300, 306 (4th Cir. 2012). In cases where a defendant challenges both the existence of probable cause and the applicability of the good faith exception, we may proceed directly to the good faith analysis without first deciding whether the warrant was supported by probable cause. *United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994).

Ordinarily, "searches conducted pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a [judicial officer] . . . suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004) (internal quotation marks omitted). There are, however, four circumstances in which the good faith exception will not apply:

> (1) when the affiant based his application on knowing or reckless falsity; (2) when the judicial officer wholly abandoned his role as a neutral and detached decision maker and served merely as a "rubber stamp" for the police; (3) when the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely

3

unreasonable; and (4) when the warrant was so facially deficient that the executing officers could not reasonably have presumed that the warrant was valid.

*United States v. Wellman*, 663 F.3d 224, 228-29 (4th Cir. 2011). If any of these circumstances are present, evidence gathered pursuant to that warrant must be excluded. *See Andrews*, 577 F.3d at 236. In assessing whether the exception applies, our analysis is "confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal" in light of "all of the circumstances." *Leon*, 468 U.S. at 922 n.23.

Even if the affidavit supporting the warrant was insufficient, we agree with the district court that the good faith exception to the exclusionary rule applied. During a traffic stop of a vehicle in which Tharps was a passenger, a police officer observed Tharps throw out of the car a bag containing 28 grams of marijuana stored in seven individual baggies, packaging that the officer seeking the warrant knew—through his training and experience—indicated possession with intent to distribute. Additionally, an unidentified informant told law enforcement that he had been purchasing marijuana from Tharps for a year at a specific address. A subsequent computer check confirmed that the informant accurately described the make and vanity plate of the vehicle Tharps drove. The vehicle was registered to Tharps at his Doppler Street address. Although this was not the location where the informant stated that he and Tharps conducted their drug transactions, a subsequent trash pull at the Doppler Street address yielded a marijuana cigarette and a restaurant receipt on which the name "JAY" was written. All of this information was included in the warrant application affidavit.

4

We conclude that this evidence of Tharps' involvement in drug trafficking, combined with the reasonable suspicion that drug traffickers store drug-related evidence in their homes, was sufficient to uphold the search of the Doppler Street residence under the good faith exception. *See United States v. Williams*, 548 F.3d 311, 319 (4th Cir. 2008). Because the good faith exception applied, the district court properly denied Tharps' motion to suppress the evidence seized pursuant to the search warrant. We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*